**MOGINRUBIN LLP**
Daniel J. Mogin (SBN 95624)
Timothy Z. LaComb (SBN 314244)
4225 Executive Square, Suite 600
La Jolla, CA 92037
Telephone: (619) 687-6611
dmogin@moginrubin.com
tlacomb@moginrubin.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K. L. Young (SBN 318371)
Kevin E. Rayhill (SBN 267496)
601 California Street, Suite 1000
San Francisco, CA 94108
Tel (415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
krayhill@saverilawfirm.com

*Attorneys for Plaintiffs*

*Additional counsel on signature page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSON DAI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAS INSTITUTE, INC., et al., <br><br> Defendants | Case No: 4:24-cv-02537-JSW <br><br> **NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION TO CONSOLIDATE CASES AND MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Hearing Date: August 2, 2024 <br> Time: 9 a.m. <br> Courtroom: Courtroom 5 – 2nd Floor <br><br> Hon. Jeffrey S. White |

1

NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION TO COSOLIDATE
CASES; CASE NO. 4:24-CV-02537-JSW

| | |
|---|---|
| SHATTUCK,<br><br>    Plaintiff,<br>vs.<br><br>SAS INSTITUTE, INC., et al.,<br><br>    Defendants | Case No: 3:24-cv-03424-AMO<br><br>Hon. Judge Araceli Martinez-Olguin |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rule Civil Procedure 42(a)(2), Plaintiffs Hanson Dai, Max Chiswick, Adolph Robles, Steven Stack, Matthew Gilbert, Michael Molinaro, Tony Qian, and Mark Lester (the "*Dai* Plaintiffs"), hereby move unopposed to consolidate one related class action filed in the Northern District of California on June 7, 2024, entitled *Shattuck v. SAS Institute, Inc.*, Case No. 3:24-cv-03424-TSH ("*Shattuck*"), into the instant action ("*Dai,*" collectively with *Shattuck*, the "Related Actions"). A hearing on this motion will be held on August 2, 2024, at 9:00 a.m., via Zoom videoconference before the Honorable Jeffrey S. White. This motion is made pursuant to Fed. R. Civ. P. 42(a), and is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Daniel J. Mogin, the pleadings and records on file herein, and any further evidence that the Court may consider.

DATED: June 28, 2024

**MOGINRUBIN LLP**

  */s/ Daniel J. Mogin*
Daniel J. Mogin (SBN 95624)
Timothy Z. LaComb (SBN 314244)
4225 Executive Square, Suite 600
La Jolla, CA 92037
Telephone:   (619) 687-6611
Facsimile:    (619) 687-6610
dmogin@moginrubin.com
tzlacomb@moginrubin.com

Jonathan L. Rubin
2101 L Street NW, Suite 300
Washington, DC 20037

2
**NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION TO COSOLIDATE CASES; CASE NO. 4:24-CV-02537-JSW**

Telephone:   (202) 630-0616
jrubin@moginrubin.com
*Pro Hac Vice Application Forthcoming

**JOSEPH SAVERI LAW FIRM, LLP**

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN    179108)
Christopher K.L. Young (SBN 318371)
Kevin E. Rayhill (SBN 267496)
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
krayhill@saverilawfirm.com

**DON BIVENS PLLC**
Don Bivens
15169 N. Scottsdale Road, Suite 205
Scottsdale, AZ 85254
Telephone:    (602) 708-1450
don@donbivens.com
*Pro Hac Vice Application Forthcoming*

*Attorneys for Plaintiffs*

---

3

**NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION TO COSOLIDATE CASES; CASE NO. 4:24-CV-02537-JSW**

## I. PRELIMINARY STATEMENT

The *Dai* Plaintiffs respectfully move this Court for an order consolidating *Shattuck, et al. v. SAS Institute, Inc., et al.*, Case No. 3:24-cv-3424 JSC (N.D. Cal.) into the instant action, pursuant to Fed R. Civ. P. 42(a). The *Shattuck* Plaintiff is in favor of consolidation; Defendants do not oppose consolidation; and this Court recently found that the *Dai* and *Shattuck* cases are related under Civil L.R. 3-12.

The Related Actions should be consolidated for all purposes under Rule 42(a) because they assert common claims against the same Defendants based on the same alleged misconduct and seek certification of the same classes. The Related Actions should also be consolidated because doing so would serve judicial economy, expedite the resolution of the cases, and prevent inconsistent results without prejudicing any party.

## II. ARGUMENT

Under Federal Rule of Civil Procedure 42(a), consolidation may be appropriate "[i]f actions before the court involve common questions of law or fact." Fed. R. Civ. P. 42(a). Districts courts have "broad discretion" under Rule 42(a) to consolidate cases pending in the same district. *Inv'r Res. Co. v. United States Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). "Courts recognize that class action suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditures of time and money by all concerned." *Diaz v. First Am. Home Buyers Prot. Co.*, No. 09-CV-00775-BAS (JLB), 2014 U.S. Dist. LEXIS 206535, at *7 (S.D. Cal. Sept. 24, 2014). When analyzing consolidation under Rule 42(a), courts look to several factors, including whether consolidation serves judicial economy, expedites resolution of the case, prevents inconsistent results, or prejudices a party opposing consolidation. *See* 8 Moore's Federal Practice-Civil § 42.10[4-5].

The Related Actions should be consolidated for all purposes because they present identical or virtually identical issues of fact and law. Plaintiffs in both actions bring a single claim under Section 1 of the Sherman Act (15 U.S.C. § 1) against the same Defendants based on the same alleged price-fixing conspiracy. *See* Decl. of Daniel J. Mogin, Exs. A and B

4

(complaints). The allegations underlying the alleged conspiracy are virtually identical. *Compare* Ex. A at ¶¶ 45-106 and Ex. B at ¶¶ 36-97. Plaintiffs in both actions also seek the same remedies for the same class of consumers.[1]

The discretionary factors also demonstrate consolidation is warranted. Consolidation will serve judicial economy and expedite the resolution of the Related Cases by eliminating significant duplication of efforts, particularly as it relates to motion practice and discovery. Consolidation will also prevent inconsistent results between the Related Cases, which could occur if litigated in separate courts. Finally, because plaintiffs in the Related Cases support consolidation and Defendants do not oppose it, there is no risk of prejudice to any party opposing consolidation. This Court appears to agree with this analysis, finding recently that the *Dai* Action and the *Shattuck* Action are related under Civil L.R. 3-12.[2] ECF No. 77.

## III.  CONCLUSION

For the reasons set forth above, Plaintiffs in the Related Actions respectfully request that the Court consolidate them pursuant to Fed. R. Civ. P. 42(a).

---

[1] The *Dai* class is defined as:

> All persons and entities in the United States and its territories who rented Operator Defendants' hotel guest rooms in the Relevant Sub-markets during the period of April 26, 2020, until the Defendants' unlawful conduct and its anticompetitive effects cease to persist (the "Rental Class"). Ex. A at 10.

The *Shattuck* class is defined as:

> All persons and entities in the United States and its territories who rented Hotel Defendants' hotel guest rooms in the Relevant Sub-markets during the period of April 26, 2020, until the Defendants' unlawful conduct and its anticompetitive effects cease (the "Rental Class"). Ex. B at 7.

[2] Under Civil L.R. 3-12(a), an action is related to another when: "(1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

| | |
|---|---|
| 1 | DATED: June 28, 2024 |

                                             **MOGINRUBIN LLP**

                                                   */s/ Daniel J. Mogin*
Daniel J. Mogin (SBN 95624)
Timothy Z. LaComb (SBN 314244)
4225 Executive Square, Suite 600
La Jolla, CA 92037
Telephone:	(619) 687-6611
Facsimile:	(619) 687-6610
dmogin@moginrubin.com
tzlacomb@moginrubin.com

Jonathan L. Rubin
2101 L Street NW, Suite 300
Washington, DC 20037
Telephone:  (202) 630-0616
jrubin@moginrubin.com
*Pro Hac Vice Application Forthcoming*

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN  179108)
Christopher K.L. Young (SBN 318371)
Kevin E. Rayhill (SBN 267496)
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
krayhill@saverilawfirm.com

**DON BIVENS PLLC**
Don Bivens
15169 N. Scottsdale Road, Suite 205
Scottsdale, AZ 85254
Telephone:	(602) 708-1450
don@donbivens.com
*Pro Hac Vice Application Forthcoming*

*Attorneys for Plaintiffs*

---

6
**NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION TO COSOLIDATE CASES; CASE NO. 4:24-CV-02537-JSW**

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.5, I hereby certify that on June 28, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court. I understand that the Court will provide electronic notification of and access to such filing to the counsel of record in this matter who are registered on the CM/ECF.

                                                    MOGINRUBIN LLP

                                                    _/s/ Daniel J. Mogin__
                                                       Daniel J. Mogin