UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANSON DAI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SAS INSTITUTE INC., et al.,<br><br>    Defendants. | Case No. 24-cv-02537-JSW<br><br>**ORDER GRANTING SAS INSTITUTE, INC.'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 101 |

This matter comes before the Court upon consideration of the motion to dismiss filed by SAS Institute, Inc. ("SAS").[1] The Court has considered the parties' papers, relevant legal authority, the record in this case, and it GRANTS SAS's motion.

**BACKGROUND**

Plaintiffs allege that SAS, IDeaS, Inc. ("IDeaS") and five Hotel Defendants conspired to fix hotel prices. According to Plaintiffs the Hotel Defendants use a revenue management system ("RMS") created by IDeaS, which in turn uses analytics software developed by SAS.[2] (Compl. ¶¶ 20-21, 49-50.) Plaintiffs further allege the Hotel Defendants send "their confidential pricing and occupancy information to [Ideas] to process, analyze, and develop supra-competitive prices," know that the other defendants are doing the same, and set prices accordingly. (*Id.* ¶¶ 3, 64-79.) By doing so, the Hotel Defendants "are able to achieve the same result as if they secretly met in a back room and exchanged their information and agreed to a supra-competitive price." (*Id.* ¶ 3.) In

---

[1] SAS also is party to a joint motion to dismiss that the Court will address in a separate Order.

[2] The named Plaintiffs are Hanson Dai, Max Chiswick, Adolph Robles, Steven Stack, Matthew Gilbert, Michael Molinaro, Tony Qian, Mark Lester, Steven Shattuck, and Joel Kamisher.

1  brief, Plaintiffs contend the Defendants, including SAS, engaged in hub-and-spoke conspiracy to
2  fix prices and violated Section 1 of the Sherman Act.
3      The Court will address additional facts as necessary in the analysis.

**ANALYSIS**

On a Rule 12(b)(6) motion, the Court assumes "that all the allegations in the complaint are true[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's obligation to provide the "grounds" of their "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] … Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Section 1 of the Sherman Act prohibits any "contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States." 15 U.S.C. § 1. In order to state a claim, Plaintiffs must allege facts that show (1) a contract, combination or conspiracy among two or more persons or distinct business entities; (2) by which the persons or entities intended to harm or restrain trade or commerce among the several States, … (3) which actually injures competition." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008). Pursuant to *Twombly,* a plaintiff must include "enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage," but allegations "of parallel conduct and a bare assertion of conspiracy will not suffice." *Twombly*, 550 U.S. at 556. "Hence, when allegations of parallel conduct are set out in order to make a § 1 claim, they must be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action." *Id.* at 557.

Plaintiffs allege that SAS that IDeaS's RMS products are "powered by" SAS analytics. (Compl. ¶¶ 50, 61; *see also id.* ¶ 20 (alleging SAS developed analytics used by IDeaS's RMS).) SAS argues that these allegations are insufficient to state a claim. The Court agrees. Plaintiffs do

United States District Court
Northern District of California

not include allegations that SAS did more than provide one aspect of the RMS product and do not suggest it has continued involvement with providing the Hotel Defendants the RMS products. Plaintiffs also do not include allegations from which one could reasonably infer SAS had any other connection or contact with the Hotel Defendants. Plaintiffs also allege that IDeaS is a subsidiary of SAS. In general, a corporate parent is not liable for the acts of its subsidiaries. *See United States v. Best Foods, Inc.*, 524 U.S. 51, 61 (1998). Plaintiffs have not made any allegations that the corporate form should be ignored.

Accordingly, the Court GRANTS SAS's motion to dismiss. Because the Court cannot say it would be futile, it will grant Plaintiffs leave to amend and will set the deadline to do so when it resolves the joint motion to dismiss.

**IT IS SO ORDERED**.

Dated: March 21, 2025

_____
JEFFREY S. WHITE
United States District Judge